BROADHAG (JOHNS v.). See Case No. 7,-362.

---

## Case No. 1,909.

### BROADNAX v. EISNER.

[13 Blatchf. 366.] [1]

Circuit Court, S. D. New York.   June 6, 1876.

REMOVAL—FILING RECORD—CERTIORARI TO STATE COURT—LACHES.

The plaintiff took proceedings, in December, 1875, under the act of March 3d, 1875 (18 Stat. 470), to remove into this court a suit brought by him in a state court. The state court made an order that the cause be removed, but eighteen days afterwards vacated such order. A term of this court began on the first Monday of April, 1876. The plaintiff, although he had, in January, 1876, obtained from the clerk of the state court a certified copy of the record, did not file it in this court, or enter his appearance there, but, in May, 1876, applied to this court to issue a certiorari to the state court, commanding it to remove the suit to this court, and to certify the record therein according to law: *Held*, that the plaintiff had been guilty of laches, and could not be allowed now to perfect the removal of the cause; that he already had all which the certiorari could give to him; and that the application must be refused.

[Cited in McLean v. St. Paul & C. Ry. Co., Case No. 8,892; Woolridge v. M'Kenna, 8 Fed. 667.]

[See Kidder v. Featteau, 2 Fed. 616; Baltimore & O. R. Co. v. Koontz, 104 U. S. 5; McLean v. St. Paul & C. Ry. Co., Case No. 8,893; Hyde v. Phoenix Ins. Co., Id. 6.973; Jackson v. Mutual Life Ins. Co., Id. 7,141.]

The plaintiff in pro. per.
Dennis McMahon, for defendant.

BLATCHFORD, District Judge. This suit was commenced in the supreme court of New York, in April, 1875. The plaintiff alleges, that, by proper proceedings taken by him under the provisions of the act of March 3d, 1875, (18 Stat. 470), this suit has been removed into this court, and he now presents to this court a petition praying that this court will issue a writ of certiorari to the supreme court of New York, commanding that court to remove this suit to this court for trial, and to certify the record therein according to law, and to do and perform whatever may be necessary to be done in the premises by that court, to lawfully and properly bring this suit before this court for trial according to law. In December, 1875, the plaintiff presented to the state court a petition and a bond, intended as a compliance with the provisions of the act of March 3d, 1875, the alleged ground for the removal of the cause being that the plaintiff was a citizen of New

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Jersey, and the defendant a citizen of New York. The state court, on the 28th of December, 1875, made an order that the cause be removed for trial "into the next circuit court of the United States for the southern district of New York," and that the state court do proceed no further therein. On the 15th of January, 1876, the state court, on a rehearing of the matter, on the same papers, vacated the order of December 28th, 1875, and denied the motion to remove the suit into this court.

The 3d section of the act of March 3d, 1875, requires that the bond on removal shall contain a condition that the petitioner for removal shall enter in the circuit court of the United States, "on the first day of its then next session, a copy of the record" in the suit sought to be removed. The bond filed in this case, with the petition for removal, contains a condition that the plaintiff shall enter in this court "on the first day of its next session, a copy of the record" in this suit. Such 3d section further provides, that, "the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." The application of the plaintiff for a certiorari is based upon the view that the cause cannot proceed in this court until a copy of the record in the state court is entered in this court; that such copy must be a copy certified by the clerk of the state court; and that it must be a copy certified by him to this court as a return of such copy to this court by the state court on a removal of the cause.

The 7th section of the act of 1875 contains a provision which modifies the requirement made by the 3d section, and embodied in the bond, that the copy of the record shall be entered in this court on the first day of its next session. Such modification is, that, if the next term of this court shall commence within twenty days after the filing in the state court of the petition and bond for removal, the party applying for the removal shall have twenty days after such application, to file the copy of the record in this court. The same section makes it a misdemeanor, punishable by fine, or imprisonment, or both, for the clerk of a state court in which a cause removable under said act is pending, to refuse to the party who applies to remove the cause a copy of the record therein, after tender of the legal fees for such copy. It further provides, that the circuit court to which any cause shall be removable under the act, shall have power to issue a writ of certiorari to the state court, commanding the state court to make return of the record in any cause removed, or in which any party to the cause has complied with the provisions for removal, and enforce said writ according to law. The section then proceeds: "and, if it shall be impossible for the parties or persons removing any

cause under this act, or complying with the provisions for the removal thereof, to obtain such copy, for the reason that the clerk of said state court refuses to furnish a copy, on payment of legal fees, or for any other reason, the circuit court shall make an order requiring the prosecutor in any such action or proceeding to enforce forfeiture or recover penalty as aforesaid, to file a copy of the paper or proceeding by which the same was commenced, within such time as the court may determine; and, in default thereof, the court shall dismiss the said action or proceeding; but, if said order shall be complied with, then said circuit court shall require the other party to plead, and said action or proceeding shall proceed to final judgment; and the said circuit court may make an order requiring the parties thereto to plead de novo; and the bond given, conditioned as aforesaid, shall be discharged so far as it requires a copy of the record to be filed as aforesaid." Even on the assumption that the words "to enforce forfeiture or recover penalty as aforesaid," may be regarded as surplusage, and as being without meaning, but not as rendering the provision inoperative, and that all the provisions of the 7th section relate to any cause which is removable under the act, it is quite apparent that the whole object of the statute, in respect to a copy of the record, is to secure the filing in the circuit court of a correct copy of the record. The bond is to be conditioned that a copy of the record shall be filed. The 3d section of the statute does not say in terms that it must be a copy certified by the clerk of the state court, but a copy so certified is the proper evidence and the best evidence of what the record is, and, in the absence of any other enactment, the intendment would be that a copy so certified was required. But, in addition to this, the 7th section, by making it a penal offence in the clerk of the state court to refuse to furnish a copy of the record, shows that it was intended that, if possible, the copy to be filed should be a copy furnished by the clerk of the state court, and certified by him. The requirement that he shall furnish it as a copy implies necessarily that he shall certify it be a copy of the original in his office. The statute, then, in furtherance of the attempt to obtain such certified copy, provides that the circuit court may issue a writ of certiorari to the state court, commanding the state court to make return of the record. This writ may issue in a case where a party has in fact complied with the provisions of the act for the removal of the cause, although the state court may be of opinion that he has not so complied, and may have refused to make an order for the removal of the cause. The object, therefore, of the writ of certiorari, commanding the state court "to make return of the record" is not to require the state court, as is prayed in this application, to remove the cause to the cir-

cuit court for trial, but only to require the state court, through its clerk, to certify a copy of the record. This court may enforce such writ, if it is not complied with. But provision is also made for a failure to comply with the writ, by the enactment, that if, for any reason, it is impossible for the party who desires to remove the cause to obtain a copy of the record certified by the clerk, the circuit court is to order such party to file a copy which is not certified by the clerk, and that, if that be done, it shall be regarded as a compliance with the condition of the bond.

In the present case, the moving party presents as a part of his moving papers, a certificate made by the clerk of the state court on the 31st of January, 1876, certifying that certain papers annexed thereto are copies of original papers on file in his office. Those papers embrace the entire record in this cause, so far as appears. Therefore, the clerk of the state court did, long prior to the first term of this court which was held next after the proceedings for the removal of the cause took place, (and which term began on the first Monday of April, 1876,) furnish a certified copy of such record to the moving party, and the state court did thereby, through its proper officer, do everything which this court would require it to do by means of a writ of certiorari. It was the duty of the plaintiff, on obtaining such certified copy, if he desired the removal of the cause to this court to be consummated, to have filed in this court on the first day of the term above mentioned such certified copy of the record, and to have entered his appearance in this court, and then, so far as he was concerned, the cause would have been removed to this court, leaving it to the other party to then move this court to remand the cause to the state court. This was the settled practice prior to the act of 1875, and there is nothing in that act to change it. Kanouse v. Martin, 15 How. [56 U. S.] 198; Hatch v. Chicago, R. I. & P. R. Co., [Case No. 6,204]. The plaintiff, therefore, failed to comply with the statute and with the terms of the bond. Having a duly certified copy of the record in the state court, he failed to file or enter it in this court at the proper time. It not appearing that it was impossible for him to obtain such certified copy, this court has no authority to allow him to file a copy of the record, either certified or not certified, at any other time than that specified in the bond; and a writ of certiorari now would give to him nothing more than he appears to have obtained, without difficulty, long before it was necessary for him to comply with the condition of the bond. The plaintiff has been guilty of laches, and to permit him now to takes steps in this court to perfect the removal of the cause, would be to give him a privilege which the statute does not confer. The application is refused.